NESBITT, Judge.
The wife and her attorneys appeal an order which denied their motion to compel payment of costs. We reverse.
The parties entered into a property settlement agreement which was incorporated into the final judgment dissolving their marriage. At the hearing on the motion to compel, the wife’s attorney argued that an agreement provision obligated the husband to pay $3,136.89 in costs without any requirement that the costs be justified as *106 taxable. The husband'countered that the agreement established his liability only for traditionally taxable court costs.
The pertinent agreement provision is as follows:
Court Costs: Husband shall pay within thirty (30) days hereof the sum of $4,136.89 to Bartel & Shuford, P.A., according to statement to be furnished to Husband, to reimburse them for costs advanced in the above referenced cause less credit in the amount of $1,000.00 advanced by the Husband. That Wife represents to Husband that said costs are for Court Reporters, filing fees, Sheriff’s service, process service and only matters relating to the Wife’s costs and does not relate to any investigatory fees that may have been incurred by Wife’s counsel. That Husband further agrees to pay for any necessary Court Reporters attendance fees and transcript costs for any final costs of certified copies of the Final Judgment in this proceeding. It is expressly understood and agreed that Husband shall have no responsibility whatsoever for any costs incurred by Wife’s counsel for investigators employed by Wife’s attorney including but not limited to Intercept, Inc.
While the quoted provision bears the catchwords, “Court Costs,” we do not find that dispositive of the matter. See 17 Am.Jur.2d Contracts § 269 (1964). It is patent that the parties agreed for the husband to be responsible for the sum of $4,136.89 in costs, no portion of which was to reimburse the wife for investigative services. Where the parties agree that a sum certain will be paid, they are bound by the figure arrived at. See Bryan & Sons Corp. v. Klefstad, 237 So.2d 236 (Fla. 4th DCA 1970); 11 Fla.Jur.2d Contracts § 146 (1979). Here, the only contingency to the payment of the amount agreed upon was that the husband be furnished a statement of costs. Such a statement was furnished and its list of over sixty items totalled exactly $4,136.89. The husband is liable for that sum less the $1,000 he advanced as a cost deposit and excluding any items designated as investigative fees.
The order denying the wife a substantial portion of the disputed costs is reversed and remanded with directions to enter judgment consistent with this opinion.
Reversed and remanded.